SKYDELL v. WEDDING.

Pleading—Action on Judgment—Counterclaim—Joinder of Parties—Indispensable Parties.

Dismissal of defendant's counterclaim for damages caused by asserted poisoning of defendant by his wife, pleaded in an action brought on a foreign judgment by an assignee of the wife's support payments, *held*, properly dismissed where defendant had appeared in the proceedings by which the assignee obtained the foreign judgment but did not assert his counterclaim then, and wife, who was an indispensable party to the counterclaim, was not subject to the jurisdiction of the Michigan court; such a counterclaim is in the nature of recoupment or set-off rather than a defense to the foreign judgment (GCR 1963, 205, 207).

Appeal from Chippewa, Baldwin (George S.), J. Submitted Division 3 May 7, 1968, at Marquette. (Docket No. 3,374.) Decided October 23, 1968. Rehearing denied December 4, 1968. Leave to appeal denied February 21, 1969. 381 Mich 804.

Complaint by Rebecca Skydell against Erling S. Wedding to recover money due on a judgment.

---

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur, Setoff and Counterclaim § 94.

Counterclaim by defendant.  Judgment for plaintiff on claim and dismissing counterclaim.  Defendant appeals.  Affirmed.

*Frank B. Ferguson,* for plaintiff.

*William J. James,* for defendant.

J. H. GILLIS, J.  This was an action upon a New York judgment.  Plaintiff in this case, likewise the plaintiff in New York, is the assignee of certain support payments owing from defendant to his former wife, the latter being a California resident.  Although defendant appeared and participated in the New York proceedings, he raises, for the first time in Michigan, allegations by way of counterclaim against his former wife.  He asserts that he was poisoned with arsenic by his former wife and has sustained damages therefrom.

The former wife is not a party to these proceedings and nowhere does any basis of jurisdiction over her person appear from this record.  It was properly determined by the trial judge that assertion of the counterclaim is by way of recoupment or set-off rather than by way of defense to the action on the judgment.  Under the circumstances, it appears to be a novel claim asserted against one who was not a party to the main action, but whose presence would be indispensable.  GCR 1963, 205, 207.

Denial of the counterclaim was, therefore, proper and without prejudice to otherwise plead the claims.  There was no error.

Affirmed.  Costs to appellee.

FITZGERALD, P. J., and McGREGOR, J., concurred.